PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID HAAS, | ) | |
| | ) | CASE NO. 5:12CV00630 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CHESAPEAKE EXPLORATION, LLC, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |

The Court is called upon to decide (1) whether to grant Plaintiff David Haas' Motion to Amend the Complaint (ECF No. 21), which would add a new defendant to this lawsuit, and (2) if the Court so grants, whether the addition of the new party deprives the Court of jurisdiction.

The original Complaint (ECF No. 1-1) in this action was filed in State court and alleged that Defendant Chesapeake Exploration, LLC, entered into a Lease permitting Chesapeake to conduct oil and gas operations on Plaintiff's property, and that Chesapeake breached the Lease by failing to pay Plaintiff the promised consideration. Chesapeake removed the case to this Court on the basis of diversity jurisdiction, and filed an Answer, Defenses and Counterclaims (ECF No. 4) asserting that although Plaintiff owned the surface rights to his property, he did not own the attendant mineral rights and, therefore, the Lease could not be enforced.

Plaintiff thereafter filed an Amended Complaint (ECF No. 15) naming a new defendant to the suit, Marbel Investments, LLC. Plaintiff alleged that Marbel had filed an instrument with the Carroll County Recorder's Office claiming title to the minerals on his property. By way of the Amended Complaint, Plaintiff sought to quiet title against Marbel as well as assert his original claims against Chesapeake. Plaintiff also moved to remand the matter to State court (ECF No.

(5:12CV00630)

17), claiming that the presence of Marbel, an Ohio citizen, destroyed the rule of complete diversity between the parties and, therefore, deprived the Court of subject matter jurisdiction.

Although the Court struck the Amended Complaint because Plaintiff failed to obtain consent from Chesapeake or leave from the Court pursuant to Fed. R. Civ. P. 15(a)(2), the Court informed the parties during a telephone conference that it would entertain a properly filed motion to amend the pleadings.  ECF No. 19.  If so filed, the Court indicated that it would consider not only whether the amendment is proper, but also whether the introduction of Marbel would deprive the Court of jurisdiction and, therefore, require a remand of the matter to State court. ECF No. 19.  The Court then established a schedule for the parties to brief the pertinent issues.

Having fully reviewed and considered the parties' arguments and evidence (ECF Nos. 20, 21, 22, 23), the Court makes the following determinations.

1. Plaintiff should be permitted to amend the Complaint to join Marbel and assert a quiet title action against it.  "The Court should freely give leave [to amend the pleadings] when justice so requires."  Fed. R. Civ. P. 15(c).  Chesapeake's chief defense, and the basis for its Counterclaims, is that the Lease is unenforceable because Plaintiff does not own the mineral rights to his property.  ECF No. 4.  Plaintiff claims that although county records indicate that Marbel claims title to the minerals on his land, title legally remains with Plaintiff. ECF No. 20-1 at 8.  Plaintiff intends to prove that a 1866 Warranty Deed that purportedly severed the mineral rights to his property was not a perpetual severance, that any interest of Marbel and its predecessors in those rights have been extinguished, and that those rights are now entirely vested in Plaintiff. ECF No. 20-1 at 8-9.  It is evident to the Court that the controversy between Plaintiff

2

(5:12CV00630)

and Chesapeake cannot be decided without first deciding who owns the minerals on Plaintiff's property, and, therefore, justice requires that Marbel be joined to the action.

The rules governing joinder support this conclusion.  Rule 20 permits a party to be joined in an action as a defendant if "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2)(B).  As discussed, the determination of title to the mineral rights is of paramount importance to Plaintiffs' claims against both Chesapeake and Marbel.  Furthermore, the Court believes that Marbel *must* be joined as a party under Rule 19 to allow it vigorously defend its ownership claims.  If Marbel were not joined, it would be difficult for the Court to fairly adjudicate Plaintiff's ownership claims, and such a proceeding would clearly "impair or impede" Marbel's ability to protect its own interests.  Fed. R. Civ. P. 19(a)(1)(A).

  2.  The joinder of Marbel necessarily deprives the Court of subject matter jurisdiction.  The present basis for the Court's jurisdiction is diversity of citizenship between Plaintiff, an Ohio citizen, and Chesapeake, a citizen of Oklahoma.  ECF No. 1 at 2.  If Marbel is citizen of Ohio, its joinder would violate the rule of complete diversity; Glancy v. Taubman Centers, Inc., 373 F.3d 656, 664 (6th Cir. 2004); and thereby defeat the Court's jurisdiction over the matter.

The record adequately shows that Marbel is a citizen of Ohio.  At no point has Chesapeake disputed Plaintiff's allegation that Marbel is an Ohio citizen.  Marbel's corporate listing at the Ohio Secretary's website discloses that it is an Ohio-registered entity and that its Articles of Organization were filed in Ohio.  ECF No. 21-1.  Marbel's Appointment of Agent form (ECF No. 21-1 at 6) discloses four members of the LLC, one of whom, Timothy Belden, has an Ohio address.  See Delay v. Rosenthal Collins Group, LLC, 585 F.3d 1003, 1005 (6th Cir.

(5:12CV00630)

2009) ("a limited liability company has the citizenship of each of its members").  Furthermore, "[a] party seeking to invoke the jurisdiction of the federal courts . . . bears the burden of establishing that such jurisdiction exists." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).  That Chesapeake–the party seeking this Court's jurisdiction–does not claim or present any evidence in its thirteen-page opposition (ECF No. 22) that Marbel is not an Ohio citizen convinces the Court that this matter cannot reside on the docket of this Court.

      3.  This case should be remanded to State court because the Court lacks subject matter jurisdiction.  28 U.S.C. § 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, *or permit joinder and remand the action to the State court*."  (Emphasis added.)  "Although the Sixth Circuit has issued little guidance regarding § 1447(e), the cases generally agree that courts should consider the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff will be significantly prejudiced if amendment is not allowed; and (4) any other equitable factors." *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F. Supp. 2d 807, 823 (N.D. Ohio 2008).  "The four factor analysis is designed to aid a court in determining whether a motion to amend has been filed for an improper purpose." *Id.* at 824.

      The Court is not under the impression that Plaintiff possesses any untoward motives in seeking to join Marbel as a defendant.  To the contrary, Plaintiff has a legitimate interest in adjudicating its rights with respect to Marbel, because these rights will determine whether his claims against Chesapeake prevails or fails.  At no point did Plaintiff express dissatisfaction

4

(5:12CV00630)

about this Court's willingness or ability to fairly hear his claims, nor would he be justified in doing so. Indeed, Plaintiff attempted to mediate this dispute before the United States magistrate judge on December 17, 2012. Although Plaintiff could have moved to join Marbel earlier, it was not until the November 2, 2012 Case Management Conference that the parties had an opportunity to convene and freely discuss their claims and contentions with the Court. It is understandable that Plaintiff's counsel may not have fully appreciated the need to join Marble until after this conference, and, indeed, Plaintiff attempted to join Marbel shortly after the conference, on November 15, 2012. ECF No. 15. Under the circumstances, the Court finds that the joinder is justified.

The Court is not without sympathy for Chesapeake's position. Having expended time and resources to conduct a Case Management Conference and a mediation in this Court, Chesapeake now faces the prospect of starting over in State court. Nonetheless, the Court believes that justice, equity, and judicial economy all require the inclusion of Marbel to this action. Unfortunately, such joinder precludes this Court, a federal court of limited jurisdiction, from presiding over the controversy. This Court has much confidence, as should the parties, in the ability of the State court system to expertly and judiciously decide these State law claims.

The Court hereby grants Plaintiff's Motion to Amend the Complaint (ECF No. 21). This matter shall be remanded to State court for further proceedings.

IT IS SO ORDERED.

| January 28, 2013 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
|  | United States District Judge |